**FILED**
**FEBRUARY 12, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Ronald L. Spina, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| First Resolution Management Corp., a British Columbia, Canada, corporation, and First Resolution Investment Corp., a Nevada corporation, | ) ) ) ) ) ) | **08 C 906**<br><br>**JUDGE MAROVICH**<br>**MAGISTRATE JUDGE ASHMAN** |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ronald L. Spina, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3.  Plaintiff, Ronald L. Spina ("Spina"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Providian, but now allegedly owed to First Resolution Investment Corporation.

4.	Defendant, First Resolution Management Corporation ("FRMC"), is a British Columbia, Canada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, FRMC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.	Defendant, First Resolution Investment Corporation ("FRIC"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, FRIC was acting as a debt collector as to the delinquent consumer debt it attempted through Defendant FRMC to collect from Plaintiff.

6.	Defendant FRIC is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect.  The debts FRIC buys are often so old that they are beyond the statute of limitations, and FRIC often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

**FACTUAL ALLEGATIONS**

7.	On May 17, 2007, Mr. Spina filed a Chapter 7 bankruptcy petition in a matter styled <u>In re: Spina</u>, N.D. Ill. Bankr. No. 07-08989.  Among the debts listed on Schedule <u>F</u> of Mr. Spina's bankruptcy petition was a debt he allegedly owed to

Providian, and both Providian, and three debt collection agencies which had, in the past, tried to collect this debt (Academy Collection Service, I.C. System, and NCB Management Services), were listed on the bankruptcy petition regarding this debt. See, excerpt of bankruptcy petition attached as Exhibit A.

8. Accordingly, on May 25, 2007, Providian was sent notice of the bankruptcy by the court, via electronic transmission, and on May 26, 2007, the three prior debt collectors were sent notice of the bankruptcy by the court, via U.S. Mail. See, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

9. On August 27, 2007, Mr. Spina received a discharge from liability for his debts from the bankruptcy court. On August 28, 2007, Providian was sent notice of the discharge by the bankruptcy court, via electronic transmission, and on August 29, 2007, the three prior debt collectors were sent notice of the discharge by the bankruptcy court, via U.S. Mail. See, the Certificate of Service to the Discharge Of Debtor, which is attached as Exhibit C.

10. Nonetheless, Defendants FRMC and FRIC sent Mr. Spina a collection letter dated December 24, 2007, demanding payment of the debt he had owed to Providian prior to his bankruptcy. The letter listed a "Balance Due at Charge-Off" of $2,477.07, as well as "Interest Calculated from Charge-Off" of $1,424.89, for a "Total Amount Due as of December 24, 2007" of $3,901.96. A copy of this collection letter is attached as Exhibit D. Moreover, Defendants' debt collectors have also called Mr. Spina to demand that he pay the debt he had owed prior to his bankruptcy.

3

11. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### False Representations Regarding A Debt That Is Not Owed

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692e(2)(A).

14. Defendants falsely stated the amount of the debt that Mr. Spina owed, in their December 24, 2007 collection letter (Exhibit D), by wrongly including in the "Total Amount Due as of December 24, 2007", an amount owed for interest from the date of "charge-off" to December 24, 2007. In fact, as of the date of his bankruptcy discharge, this debt ceased to exist, and thus it could no longer accrue any interest. Defendants' false statement of the amount of the debt thus violates § 1692e of the FDCPA.

15. Moreover, by demanding payment of a debt that was no longer owed, due to a bankruptcy, Defendants made a false representation, which further violates § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Ronald L. Spina, prays that this Court:

1.    Declare that Defendants' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Spina, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Ronald L. Spina, demands trial by jury.

    Ronald L. Spina,

    By: /s/ David J. Philipps_____
    One of Plaintiff's Attorneys

Dated:  February 12, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

5